**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| GEOPHYSICAL SERVICE INCORPORATED<br><br>Plaintiff,<br><br>v.<br><br>HUNT OIL COMPANY,<br><br>Defendant. | CASE NO. 3:15-cv-03045-L |

## **AMENDED COMPLAINT**

Plaintiff, GEOPHYSICAL SERVICE INCORPORATED, by and through undersigned counsel, brings this Amended Complaint against defendant, HUNT OIL COMPANY, for damages and injunctive relief, and in support thereof states as follows:

1. This is an action for copyright infringement arising under the Copyright Act, 17 U.S.C. § 501.

2. This is also an action for unjust enrichment and misappropriation of trade secrets under Texas law.

3. This Court has subject matter jurisdiction over the Plaintiff's copyright infringement claims pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338(a), and 1367.

4. This Court has subject matter jurisdiction over the Plaintiff's Texas claims pursuant to 28 U.S.C. § 1332 based upon diversity of citizenship.

5. GEOPHYSICAL SERVICE INCORPORATED ("GSI") is a corporation formed pursuant to the laws of Canada and duly registered to do business in the Province of Alberta and elsewhere in Canada, with its head office at #400, 400-5 Avenue SW, Calgary, Alberta, T2P OL6.

6. HUNT OIL COMPANY ("Hunt") is a corporation incorporated pursuant to the laws of the State of Delaware, with its head office located at 1445 Ross At Field, Suite 1500, Dallas, Texas 75202. Hunt may be served with process by serving its Texas registered agent for service of process, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

7. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

8. Defendant is subject to personal jurisdiction in Texas.

9. Venue is proper in this district under 28 U.S.C. § 1400 because Hunt resides in this district, defendant committed acts of infringement in this district and has a regular and established place of business in this district.

10. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because the events giving rise to the claims occurred in this district, and because Hunt resides in this district.

**FACTS**

11. GSI provides seismic data services to the oil and gas industry including non-exclusive data acquisition, licensing and storage of seismic, gravity and magnetic data. GSI's business is premised on expending, at great risk, capital, time, technology, know-how, personnel and other resources to collect, purchase, store, process and re-

process seismic data which can be licensed for a fee to oil and gas companies for use in exploring for oil, gas and other hydrocarbons.

12. The collection of seismic data involves the use of specialized know-how to set appropriate technical parameters, the employment of specialized personnel and the use of specialized technical equipment. The collection of seismic data in the undersea or marine environment, in particular, further involves the use of a specialized marine vessel.

13. The equipment utilized generates sound waves typically through the use of tuned air source arrays (in the case of offshore operations), in combination with sensitive recording devices to record and create seismic data over an area of interest. Locating the lines to be recorded and the acquisition technical parameters involves the application of know-how, experience, judgment and utilizes proprietary techniques and equipment. Specialized storage devices are used to store the results on magnetic tapes and disks.

14. The seismic data, to be useful, must be processed through the application or know-how, experience, judgment and through the use of proprietary techniques, computer programs and technology in order for the data to be put in a form which can be utilized by a customer involved in exploring for oil and gas. One useful format for seismic data is a two-dimensional representation called a "seismic line." Prior to the widespread availability of high powered computers, seismic lines were produced on paper or other physical media (e.g., mylar), but with the advent of advanced personal computers, seismic data previously licensed in physical form is now licensed in a standardized computer format known as "SEG Y."

15. Seismic lines can be interpreted to reveal aspects of the earth's internal structure in the area covered by the seismic line. A seismic line is "picture" of the earth's

rock layers in cross-section. The extent of the earth's layers and earth properties that can be discerned in a seismic line will depend on the acquisition parameters selected by GSI to initially create the data, and also on processing decisions made by GSI concerning how to assemble and process the data into seismic lines. Different acquisition parameters or different processing parameters can result in a seismic line with a different "look" to the displayed or visualized data. Even if GSI itself used the same acquisition parameters or the basic processing parameters commonly disclosed the seismic line would be unique and still "look" different because there are too many points along the way where judgment, skill, input, and changed conditions exist to exactly duplicate the original creation. Thus the acquisition and processing decisions reflect the creative input of GSI personnel.

16. GSI's seismic data, and the seismic lines and sections produced from seismic data, are highly confidential and proprietary to GSI. GSI's seismic data, and GSI's seismic lines and sections, are only known to GSI and its licensees. GSI only permits the use of its seismic by licensees pursuant to written licensing agreements with strict confidentiality provisions. GSI takes measures to guard the secrecy of its seismic data, lines and sections so that unlicensed third-parties do not obtain it without GSI's authorization. GSI's seismic data, lines and sections are extremely valuable and are the main income producing asset of its business which license revenues support all investments in ships, equipment, training, personnel, and the creation of new seismic data. GSI has invested hundreds of millions of dollars to acquire and develop its seismic data, lines and sections, and this material cannot be easily re-created by others without

significant training, equipment, multi-million dollar investments, know-how, personnel and resources. On the other hand the seismic data can be copied very inexpensively.

17. The seismic data that GSI creates, purchases, stores, processes and re-processes, as well as the methods it uses to collect, purchase, store, process and re-process the seismic data, is confidential and proprietary to GSI. This information and know-how is not generally known to the public or GSI's competitors. At all times, GSI endeavors to maintain the secrecy of its confidential and proprietary information in order to protect it from disclosure to its competitors and the general public.

## THE SEISMIC MATERIALS AT ISSUE

18. GSI is the owner of certain confidential and proprietary seismic, gravity and magnetic data, and interpretations or derivations that incorporate such data, and related materials, which were recorded and created offshore of Newfoundland and Labrador, Canada.

19. GSI is the owner of seismic survey data that it created, recorded and processed around the offshore Newfoundland and Labrador, Canada area in the Atlantic Ocean for the following surveys:

| SURVEY | TOTAL KM'S |
| --- | --- |
| East Coast 1971 | 253.400 |
| Labrador 1974 | 421.600 |
| Labrador 1982 | 854.000 |
| Grand Banks 1982 | 815.894 |
| Newfoundland 1979 | 48.925 |
| Newfoundland 1981 | 175.016 |
| Newfoundland 1982 | 1980.869 |

| Flemish Cap 1983 | 261.225 |
| **TOTAL** | **4810.929** |

.

20. GSI processed, re-processed, transcribed and stored the seismic data as seismic lines. GSI entitled each seismic line with a survey code consisting of one or two letters indicating the survey location, followed by two numbers indicating the survey year, followed by four numbers indicating the unique identifier assigned to each seismic line. For example, "NF-82-XXXX," where "NF" means Newfoundland, "82" means the year 1982, and "XXXX" represents the seismic line. The specific seismic surveys each containing a number of lines at issue are listed above and will be referred to herein collectively as "**GSI's Seismic Materials.**"

## COPYRIGHT PROTECTION OF SEISMIC MATERIALS

21. Copyright protects original works of authorship, fixed in any tangible medium, from which the works may be perceived or reproduced. GSI creates its seismic data by first creating a specific designed sound, recording the reflections of the sound from each sub-surface interface (layer), then compiling and processing the sound into seismic materials such as seismic lines which are original works of authorship protected by copyright. GSI's originality in GSI's Seismic Materials is represented in the acquisition parameters selected for data acquisition (such as the spacing of the acquisition lines, the length of the acquisition cable, the time spacing of the samples, the location and orientation of the survey, proprietary equipment it designed and used, etc.), and in the design, selection and order of processing schemes to process the data (for instance, the choice of velocity models for migration, the choice of migration techniques, educated opinions about velocities, the selection of gain parameters, etc.).

22. GSI's Seismic Materials are fixed in a tangible medium from which they may be perceived. GSI's Seismic Materials are stored in physical form on paper, microfiche, or mylar. In addition, GSI stores all of its Seismic Materials in digital form in a database, and the stored digital database is the "tangible medium" from which the data may be viewed, such as through a terminal computer workstation. GSI's Seismic Materials are protectable by copyright.

**HUNT**

23. Hunt is in the business of oil and gas exploration, development and production.

24. It is well known and understood in the oil and gas exploration business that seismic materials are kept confidential by seismic companies like GSI and only made available under license for a fee pursuant to strict non-disclosure requirements.

25. Hunt is a typical user and licensor of third party seismic materials. Upon information and belief, Hunt, like most other oil companies, also licenses its own proprietary seismic materials to third parties. At all material times, Hunt knew or should have known that GSI's Seismic Materials were confidential and only available to authorized licensees. Hunt would have been aware that GSI's Seismic Materials were confidential and only available pursuant to a license agreement, such as the Master Seismic Data License Agreement entered into by GSI and Hunt's related Canadian entity, Hunt Oil Company of Canada, Inc. ("Hunt Canada"), a subsidiary of Hunt, dated August 23, 2005 ("License Agreement"). In fact, Hunt was a named Related Entity under that License Agreement.

## HUNT OBTAINS GSI'S SEISMIC MATERIALS FROM CNLOPB

26. GSI has at various times been required by legislation in Canada to submit certain versions of GSI's Seismic Materials to various Canadian regulatory boards including the Canada-Newfoundland and Labrador Offshore Petroleum Board ("CNLOPB").

27. CNLOPB is a Canadian federal/provincial regulatory board created pursuant to the Canada Newfoundland Atlantic Accord Implementation Act, S.C. 1987, c. 3, as amended, and the Canada-Newfoundland and Labrador Atlantic Accord Implementation Act, R.S.N.L. Pursuant to the Newfoundland Offshore Area Petroleum Geophysical Operations Regulations, SOR 95-334, passed pursuant to the Canada Newfoundland Offshore Atlantic Accord Implementation Act S.C. 1987, c.3, and after the legislation came into effect, GSI was required to, and did, submit to the CNLOPB a copy of GSI's Seismic Materials, primarily in paper and mylar but also in various digital formats, on a confidential basis.

28. CNLOPB was required to keep the GSI's Seismic Materials confidential.

29. Hunt, as a typical company in the oil and gas exploration business knew that it was not authorized to obtain or use GSI's Seismic Materials from any source, including CNLOPB, without a written license from GSI.

30. Also, Hunt, as a Related Entity under the License Agreement, knew that GSI's Seismic Materials are only made available to it under license for a fee and pursuant to strict non-disclosure and limited use requirements.

31. Unbeknownst to GSI, on numerous occasions in at least the year 2000, Hunt requested copies of GSI's Seismic Materials from CNLOPB without notice to GSI.

In response, CNLOPB released the GSI Seismic Materials Hunt requested to a copy service that copied and shipped GSI's Seismic Materials to Hunt in Dallas, Texas. CNLOPB did not notify GSI that CNLOPB had released GSI's Seismic Materials and CNLOPB concealed this information from GSI.

32. On or about July 30, 2013, GSI submitted a freedom of information request to the CNLOPB pursuant to the Access to Information and Protection of Privacy Act (Newfoundland and Labrador) ("ATIA").

33. GSI did not know and could not have known about Hunt's requests for copies of GSI's Seismic Materials, and the release of GSI's Seismic Materials by CNLOPB, until September 20, 2013 at the earliest when GSI finally received a response from CNLOPB to GSI's ATIA request, a copy of which is annexed hereto as Exhibit A (the "ATIA Response").

34. Prior to July 30, 2013, GSI exercised due diligence in pursuing discovery of its claim against Hunt. GSI sent hundreds of ATIA requests to CNLOPB and other Canadian petroleum boards prior to July 30, 2013. GSI also commenced litigation against CNLOPB and other Canadian petroleum boards in an attempt to obtain the necessary information to allege claims against Hunt. Despite these efforts CLSOPB refused GSI's information requests for the names and addresses of third parties who were given access by CLSOPB to GSI's Seismic Materials, as well as the identification of the specific GSI Seismic Materials accessed.

35. Prior to July 30, 2013, GSI made numerous requests directly to Hunt to obtain information regarding the GSI Seismic Materials that Hunt had obtained and copied from CNLOPB. However, Hunt concealed its actions from GSI and consistently

refused to provide GSI with the information requested through and including the present date.

36. GSI has suffered infringement on a massive scale. The infringement has forced GSI to file numerous lawsuits in Canada and the United States. GSI has filed lawsuits as quickly as possible after receiving information regarding infringements that allow GSI to identify the infringer and the work infringed. Determining who to sue, what was copied and when has required GSI to review thousands of pages of disclosures, analyze the activities reflected in documents produced by petroleum boards that are often heavily redacted, and identify the violations of GSI's intellectual property rights where possible. This process has often been like trying to find a needle in a haystack. Notwithstanding these difficulties, GSI has acted diligently and filed this case within three years prior to the date GSI obtained sufficient information to identify Hunt as an infringer.

37. The ATIA Response reflects that on numerous occasions in the past from 1989 through 2012, Hunt requested copies of GSI's Seismic Materials from CNLOPB. In response, CNLOPB sent the GSI Seismic Materials Hunt requested to a copy service that copied and shipped GSI's Seismic Materials to Hunt in Dallas, Texas.

38. The ATIA Response reflects that on numerous occasions in the past from 1989 through 2012, Hunt procured copies of GSI's Seismic Materials from CNLOPB.

39. GSI did not know that Hunt requested and obtained copies of GSI's Seismic Materials from CNLOPB until on or after September 20, 2013.

40. At the time Hunt requested and received GSI's Seismic Materials, Hunt knew it had no authorization to obtain GSI's Seismic Materials from any source other than GSI.

41. Had Hunt properly licensed the GSI's Seismic Materials from GSI, instead of obtaining it from CNLOPB without GSI's permission, GSI would have been entitled to a licensing fee of approximately $1.3 Million U.S. dollars.

42. The First ATIA Response and the Second ATIA Response reflects that Hunt requested GSI's Seismic Materials from CNLOPB for Hunt's use in oil and gas exploration.

43. As a direct result of Hunt's use of the GSI's Seismic Materials, Hunt discovered new sources for oil and gas from its exploration activities that earned Hunt millions of dollars in profits to date, and will earn Hunt millions of dollars more in the future.

44. GSI discovered Hunt's unauthorized use of GSI's Seismic Materials alleged herein no earlier than about September 20, 2013, the date of the First ATIA Response.

45. GSI has engaged the undersigned attorneys and has agreed to pay them a reasonable fee.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT

46. Plaintiff GSI incorporates the allegations of paragraphs 1 through 45 of this complaint as if fully set forth herein.

47. GSI owns valid copyrights in the GSI Seismic Materials.

48. The GSI Seismic Materials have been registered with the Register of Copyrights. Alternatively, the GSI Seismic Materials are foreign works created in Canada subject to the Berne Convention for the Protection of Literary and Artistic Works, and exempt from the registration requirements of 17 U.S.C. §411.

49. Hunt copied and distributed the GSI Seismic Materials and made derivatives of the GSI Seismic Materials without GSI's authorization in violation of GSI's exclusive rights under 17 U.S.C. § 106, including but not limited to by importing GSI Seismic Materials in violation of GSI's exclusive distribution right in 17 U.S.C. § 106(3) as applied to importation by 17 U.S.C. § 602(a).

50. GSI has been damaged.

51. The harm caused to GSI has been irreparable.

## COUNT II
## UNJUST ENRICHMENT

52. Plaintiff GSI incorporates the allegations of paragraphs 1 through 45 of this complaint as if fully set forth herein.

53. GSI sets forth this count in the alternative to Counts I and II above for Copyright Infringement.

54. GSI owns GSI's Seismic Materials which are a valuable asset of GSI.

55. Hunt has never been licensed or authorized to use GSI's Seismic Materials except pursuant to the License Agreement.

56. Hunt obtained GSI's Seismic Materials from CNLOPB without GSI's authorization.

57. Hunt obtained the benefit of GSI's Seismic Materials by the taking of undue advantage.

58. Hunt has been unjustly enriched.

59. GSI has been damaged.

## COUNT III
## TRADE SECRETS MISAPPROPRIATION

60. Plaintiff GSI incorporates the allegations of paragraphs 1 through 45 of this complaint as if fully set forth herein.

61. GSI's Seismic Materials are trade secrets belonging to GSI.

62. Hunt has never been licensed or authorized to obtain GSI's Seismic except pursuant to the License Agreement.

63. Hunt unlawfully obtained GSI's Seismic Materials from CNLOPB without GSI's authorization and thereby improperly obtained, used and/or disclosed GSI's trade secrets.

64. GSI has been damaged as a proximate result of Hunt's misappropriation.

## COUNT IV
## TEXAS THEFT LIABILITY ACT – MISAPPROPRIATION OF TRADE SECRETS AND/OR CONVERSION/THEFT OF PROPERTY

65. Plaintiff GSI incorporates the allegations of paragraphs 1 through 45 of this complaint as if fully set forth herein.

66. GSI brings an action under the Texas Theft Liability Act (Civ. Prac. & Rem. Code, Ch. 134) for an unlawful appropriation of property under the Texas Penal Code Section 31.03 [Theft] and Section 31.05 [Theft of Trade Secrets].

67. GSI's Seismic Materials are property belonging to GSI that constitutes a trade secret.

68. Hunt has never been licensed or authorized to obtain GSI's Seismic Materials except pursuant to the License Agreement.

69. Hunt has never been licensed or authorized to use or disclose GSI's Seismic Materials except pursuant to the License Agreement.

70. Hunt unlawfully obtained GSI's Seismic Materials from CNLOPB without GSI's authorization or effective consent and thereby improperly obtained, used and/or disclosed GSI's trade secrets, with the intent to deprive GSI of its Seismic Materials.

71. GSI has been damaged as a proximate result of Hunt's misappropriation and theft.

WHEREFORE, the Plaintiff GSI prays for judgment against Hunt that:

a. A permanent injunction be entered against Hunt prohibiting the continued use and/or disclosure of GSI's Seismic Materials;

b. A full accounting of all copies, vectorizing (hi definition scanning of paper or mylar to create digital SEGY format data that can be loaded on a workstation), scanning, and any third party distribution or sale of the GSI Seismic Materials;

c. Hunt be required to pay GSI the amount by which Hunt was unjustly enriched by its use of GSI's Seismic Materials including Hunt's profits from such use;

d. Hunt be required to pay GSI's actual damages from Hunt's infringement and trade secret misappropriation, plus Hunt's profits from the misappropriation;

e. Hunt be required to pay GSI's reasonable attorneys' fees and costs;

f. Hunt be required to pay GSI exemplary damages and attorney's fees; and that

g. GSI be awarded such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: August __, 2016

                                            Respectfully submitted,

                                            **PREBEG FAUCETT & ABBOTT, PLLC**

                                            /s/ Matthew J.M. Prebeg
                                            Matthew J.M. Prebeg (Attorney in Charge)
                                            Texas State Bar No. 00791465

                                            mprebeg@PFALAWFIRM.COM
                                            Brent Caldwell
                                            Texas State Bar No. 24056971

                                            bcaldwell@pfalawfirm.com
                                            Stephen W. Abbott
                                            Texas State Bar No. 00795933
                                            sabbott@pfalawfirm.com

                                            8441 Gulf Freeway, Suite 307
                                            Houston, TX  77017
                                            832-742-9260 (main)
                                            832-742-9261 (fax)


                                            ATTORNEYS FOR PLAINTIFF
                                            GEOPHYSICAL SERVICES INCORPORATED