IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GEOPHYSICAL SERVICE INCORPORATED,** | § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. **3:15-CV-3045-L** |
| **HUNT OIL COMPANY,** | | |
| Defendant. | | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Hunt Oil Company's Motion to Dismiss Amended Complaint and, in the Alternative, Motion to Stay (Doc. 28), filed October 11, 2016. After considering the motion, briefs, pleadings, notice of supplemental authority, and applicable law, the court **denies** Defendant Hunt Oil Company's Motion to Dismiss Amended Complaint and **denies as moot** Defendant's Alternative Motion to Stay (Doc. 28).

**I.      Factual and Procedural Background**

Plaintiff Geophysical Service Incorporated ("Plaintiff") brought this copyright action against Defendant Hunt Oil Company ("Defendant") on September 18, 2015. In its Amended Complaint, filed on August 24, 2016, Plaintiff asserts legal and equitable claims for relief based on direct copyright infringement, unjust enrichment, trade secrets misappropriation, and violations of the Texas Theft Liability Act. Plaintiff seeks a permanent injunction, actual damages as a result of the alleged copyright infringement, payment for the amounts that Defendant was unjustly enriched by its use of Plaintiff's seismic materials, exemplary damages, attorney's fees, prejudgment and postjudgment interest, and costs of court.

On February 21, 2017, Defendant moved to dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8(a). Plaintiff filed a response in opposition to the motion to dismiss on November 8, 2016, to which Defendant replied on November 22, 2016. Alternatively, Defendant requests that the court stay this case pending the appeal to the Fifth Circuit of the district court's order and judgment granting the defendant's motion to dismiss and dismissing with prejudice similar claims asserted by Geophysical Service, Incorporated in *Geophysical Service, Inc. v. TGS-Nopec Geophysical Services*, No. 14-1368, 2015 WL 6869733 (S.D. Tex. No. 9, 2015). On March 10, 2017, the Fifth Circuit reversed the district court's dismissal of the plaintiff's direct copyright infringement claim. *Geophysical Serv., Inc. v. TGS-NOPEC Geophysical Co.*, 850 F.3d 785 (5th Cir. 2017). In doing so, the court rejected some of the same arguments asserted by Defendant in this case and remanded the case to the district court for further proceedings. *See id.* at 793-96.

## II. Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

### III. Analysis

#### A. Rule 12(b)(6) Motion to Dismiss

After considering Defendant's motion, the parties' briefs, pleadings, and applicable law, the court determines that the allegations in Plaintiff's Amended Complaint are sufficient to raise a right to relief above the speculative level, such that Defendant may be liable for the claims asserted. Accordingly, resolution of the matters presented, to the extent not resolved by the Fifth Circuit's March 10, 2017 opinion in *Geophysical Service, Incorporated v. TGS-NOPEC Geophysical*

*Company*, is better suited for summary judgment or trial. The court, therefore, **denies** Defendant Hunt Oil Company's Motion to Dismiss Amended Complaint (Doc. 28).

### B. Motion to Stay

The court **denies as moot** Defendant's Alternative Motion to Stay (Doc. 28) this case pending resolution of the appeal in *Geophysical Service, Inc. v. TGS-Nopec Geophysical Services*, No. 14-1368, 2015 WL 6869733 (S.D. Tex. No. 9, 2015). As noted, the Fifth Circuit issued its opinion in *Geophysical Service, Incorporated v. TGS-NOPEC Geophysical Company* on March 10, 2017. Accordingly, the request to stay is moot.

## IV. Conclusion

For the reasons stated, the court **denies** Defendant Hunt Oil Company's Motion to Dismiss Amended Complaint and **denies as moot** Defendant's Alternative Motion to Stay (Doc. 28).

**It is so ordered** this 27th day of September, 2017.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge